Singh v. Barr

BIA
Schoppert, IJ
A205 585 561

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of November, two thousand nineteen.

PRESENT:
> JOSÉ A. CABRANES,
> RAYMOND J. LOHIER, JR.,
> MICHAEL H. PARK,
> *Circuit Judges.*

_____

AZADWINDER SINGH,
> *Petitioner,*

v.                                                18-2676
                                                  NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Usman B. Ahmad, Long Island City, NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant Attorney General; Julie M. Iversen, Senior Litigation Counsel; Kathryn M. McKinney, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Azadwinder Singh, a native and citizen of India, seeks review of an August 14, 2018 decision of the BIA affirming a September 13, 2017 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Azadwinder Singh,* No. A 205 585 561 (B.I.A. Aug. 14, 2018), *aff'g* No. A 205 585 561 (Immig. Ct. N.Y. City Sept. 13, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

In lieu of filing a brief, the Government moves for summary denial of Singh's petition for review. Rather than determine if the petition is frivolous as is required for summary denial, *see Pillay v. INS*, 45 F.3d 14, 17 (2d Cir. 1995), we construe the Government's motion as its brief and deny the petition on the merits.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards

2

of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . ." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Singh was not credible as to his claim of past persecution by the Akali Dal Badal party on account of his participation in the Congress Party.

As an initial matter, the agency did not err in finding that Singh's statements at his initial interviews with Customs and Border Patrol and an asylum officer bore sufficient indicia of reliability so as to warrant

3

evidentiary weight. *See Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009). The records do not indicate that Singh had difficulty communicating, and the records are typewritten, in question-and-answer format, and purport to be a "full, true and correct" account of the interview. Moreover, Singh testified that he remembered making the specific statements at his interview that were inconsistent with his later testimony.

Given Singh's inconsistent statements and lack of reliable corroboration, the record supports the agency's adverse credibility determination. First, Singh told border officials that he was attacked by Akali Dal Badal party members four or five times, but he later testified that he was beaten only twice. The agency was not required to credit Singh's explanation that he gave different accounts because he was nervous. *See Yun-Zui Guan v. Gonzales,* 432 F.3d 391, 397 n.6 (2d Cir. 2005).

Second, the agency reasonably relied on the inconsistency in Singh's statements about his interactions with the police in India. He initially stated he was not arrested in India, then said that he was arrested and beaten by the police, then stated the police threatened but did not beat him. The

4

changing content of his testimony was obvious from the records of the interviews, so the IJ was not required to solicit an explanation for the inconsistencies. *Cf. Ming Shi Xue v. BIA*, 439 F.3d 111, 121 (2d Cir. 2006) ("[W]here the perceived incongruities in an asylum applicant's testimony are not plainly obvious, an IJ cannot rely on them to support an adverse credibility ruling without first identifying the alleged inconsistencies for the applicant and giving the applicant an opportunity to address them.").

Third, the agency reasonably found that Singh failed to submit reliable documentary evidence. An asylum applicant's failure to corroborate may bear on his credibility, "because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The agency acted within its discretion in affording little weight to Singh's evidence. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."). Singh's parents' affidavits were nearly identical to his own in describing his assault by Akali Dal Badal members. *See Mei Chai Ye v. U.S.*

*Dep't of Justice*, 489 F.3d 517, 524 (2d Cir. 2007) (explaining that we "ha[ve] firmly embraced the commonsensical notion that striking similarities between affidavits are an indication that the statements are 'canned'"). An affidavit Singh produced from a Congress Party leader conflicted with Singh's own testimony, and Singh appeared to lack knowledge of its contents. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence."). And the authors of the statements were not subject to cross-examination. *See Matter of H-L-H- & Z-Y-Z-,* 25 I. & N. Dec. 209, 215 (BIA 2010), *rev'd on other grounds by Hui Lin Huang v. Holder,* 677 F.3d 130 (2d Cir. 2012).

Given these inconsistencies and lack of reliable corroboration, the agency's adverse credibility determination is supported by substantial evidence and was dispositive of asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). Singh's ineffective assistance claim also fails: As the BIA observed, Singh did not comply with the procedural requirements of

6

*Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988). Accordingly, he forfeited his ineffective assistance claim. *See Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 46–48 (2d Cir. 2005). Moreover, as discussed above, the interview records were sufficiently reliable, so counsel neither acted unreasonably nor caused prejudice by failing to challenge their admission. *See Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir. 1994).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court